# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ERIC BYERS,**

    **Petitioner,**

**v.**                                  **CIVIL ACTION NO. 1:03CV264**
                                                  **(Judge Broadwater)**

**HARLEY LAPPIN, Dir. FBOP,**

    **Respondent.**

## OPINION/REPORT AND RECOMMENDATION

### I. BACKGROUND

On November 28, 2003, the *pro se* petitioner, Eric Byers, filed a Petition for Issuance of a Writ of Habeas Corpus, or in the Alternative, Show Cause Order Within Prescribed Time. The petitioner asserts that the policy of the Bureau of Prisons ["BOP"] that a prisoner must wear a hat above the forehead and above the ears and that a prisoner must have his shirt, sweat shirt, or tee shirt in his trousers or seat pants after 4:00 p.m. daily violates the Administrative Procedures Act ["APA"]. The petitioner also asserts that his due process rights have been violated "in the manner the Rules, Regulations and Policy Statement are being implemented and enforced."

This matter, which is pending before me for Report and Recommendation pursuant to LR PL P 83.09, is ripe for review. As discussed below, the undersigned recommends that the petitioner's §2241 petition be denied.

### II. ANALYSIS

First, challenges under the APA are subject to the exhaustion requirements of the PLRA and

are not brought under 28 U.S.C. §2241. Krilich v. Federal Bureau of Prisons, 346 F. 3d 157 (6th Cir. 2003). Richmond v. Scibana, 387 F. 2d 602 (7th Cir. 2004). The petitioner has not indicated he has exhausted his administrative remedies. Thus, the claim should be dismissed. Further, even if the petition were allowed to proceed under §2241, the petition is without merit.

First, the petitioner does not adequately explain how his due process rights were violated by the policy in question. While p*ro se* complaints are to be liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), and the mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, a district court may not rewrite a petition to include claims that were never presented. See Barnett v. Hargett, 174 F.3d 1128,1133 (10th Cir. 1999). Nor can the Court construct the plaintiff's legal arguments for him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

Second, the petitioner's APA challenge is without merit. The APA, 5 U.S.C. § 500, et seq., requires notice of proposed rule making to be published in the Federal Register and to include "either the terms or substance of the proposed rule or a description of the subjects and issues involved." 5 U.S.C. § 553(b)(3). However, this requirement does not apply "to interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice." 5 U.S.C. §553 (b)(3)(A). The APA defines a "rule" as "the whole or part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy...." 5 U.S.C. § 551(4). "A substantive or legislative rule, pursuant to properly delegated authority, has the force of law, and creates new law or imposes new rights or duties." Jerri's Ceramic

2

Arts, Inc. v. Consumer Product Safety Com'n, 874 F.2d 205, 207 (4th Cir. 1989).

The petitioner has referred to no policy statement or rule number regarding the dress code and the undersigned has found no such policy statement. Further, it appears that the staff at FCI-Gilmer developed the policy just for FCI-Gilmer and thus, such is not subject to the APA.

### III. **RECOMMENDATION**

The undersigned recommends that the Court enter an Order DENYING the petitioner's §2241 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of Court is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner.

Dated: April 25, 2005

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

3